```
UNITED STATES DISTRICT COURT                              FILED
EASTERN DISTRICT OF NEW YORK                         IN CLERK'S OFFICE
                                                   DISTRICT COURT E D N Y
----------------------------------x
In the Matter of the Application of                 ★   NOV 22 2012   ★

GREGORY JOHN FISCHER,                                 LONG ISLAND OFFICE
ROGER S. LEWIS, and BILL JUROW,

                         Petitioners,          ORDER
                                               12-CV-5397(JS)(ARL)
       -against-

NYS BOARD OF ELECTIONS, SUFFOLK COUNTY
BOARD OF ELECTIONS (Anita S. Katz and
Wayne T. Rogers, Commissioners),
NASSAU COUNTY BOARD OF ELECTIONS
(William T. Biamonte and Louis G.
Savinetti, Commissioners),

                         Respondents.
----------------------------------x
```

APPEARANCES
For Petitioners:

| | |
|---|---|
| Gregory Fischer | Gregory Fischer, Pro Se<br>P.O. Box 285<br>Calverton, NY 11833 |
| Roger S. Lewis | Roger S. Lewis, Pro Se<br>235 Marys Lane<br>Southampton, NY 11968 |
| Bill Jurow | No Appearance |

For Respondents:
NYS Board of
Elections            No Appearance

Nassau County
Board of Elections:  Alpa Sanghvi, Esq.
                     Nassau County Attorney's Office
                     One West Street
                     Mineola, NY 11501

Suffolk County
Board of Elections: Gail Lolis, Esq.
Suffolk County Attorney's Office
P.O. Box 6100
Hauppauge, NY 11788

Gregory John Fischer ("Fischer"), Roger S. Lewis ("Lewis"), and Bill Jurow ("Jurow" and collectively "Petitioners") bring this action against NYS Board of Elections, Suffolk County Board of Elections, and Nassau County Board of Elections (collectively "Respondents") pursuant to the United States Constitution; United States Voting Rights Act (42 U.S.C. §§ 1973-1973aa-6); Civil Rights (42 U.S.C. § 1983); Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985); Civil Rights (28 U.S.C. § 1443); Conspiracy Against Rights (18 U.S.C. § 242); Federal Question (28 U.S.C. § 1331); New York State Constitution; New York State Constitution, Article 1: Bill of Rights, Section 1; Article 78 of the New York State Constitution; New York State Election Law; Chapter 17 of the Consolidated Laws; and New York State Election Law Sections 1-106, 6-134, 6-142, 6-154, 6-158, 6-160, 16-100, 14-100, 16-102, 16-104, 16-106 and 16-116. Petitioners have petitioned this Court through an Order to Show Cause, seeking that the designating petitions which purport to designate Petitioners as candidates of the Democratic Party for the Public Office of Trustee of the Long Island Power Authority ("LIPA") be declared

valid in both the Democratic Primary Election and the General Election.

This Court held a hearing on the Order to Show Cause on November 2, 2012 ("November 2 Hearing"). Petitioners Fischer and Lewis appeared pro se. Although Jurow is also named as a Petitioner, he did not make an appearance. Counsel for the Suffolk County Board of Elections, Gail Lolis, Esq. of the Suffolk County Attorney's Office, and the Nassau County Board of Elections, Alpa Sanghvi, Esq. of the Nassau County Attorney's Office, appeared by phone.

BACKGROUND

Petitioners make two primary contentions in this case: (1) under New York State Election Law, the positions of Public Office of Trustee of LIPA are elected positions subject to popular election; and (2) under the United States Voting Rights Act, Petitioners' claims should be determined under a strict scrutiny standard. Petitioners assert that under a strict scrutiny analysis, New York State Public Authorities Law § 1020-d (which governs the appointment of LIPA trustees) is unconstitutional.

Petitioners previously brought suit in New York State Supreme Court. In that case, Petitioners petitioned the Court by way of Order to Show Cause for an order pursuant to the United States Constitution; United States Voting Rights Act (42

U.S.C. §§ 1973-1973aa-6); New York State Constitution; New York State Constitution, Article 1: Bill of Rights, Section 1; Article 78 of the New York State Constitution; New York State Election Law; Chapter 17 of the Consolidated Laws; and New York State Election Law Sections 1-106, 6-134, 6-142, 6-154, 6-158, 6-160, 16-100, 14-100, 16-102, 16-104, 16-106 and 16-116, declaring valid the designating petitions which purport to designate Petitioners as candidates of the Democratic Party, for the Public Office of Trustee of LIPA, in the Democratic Primary Election, and to Order the Board of Elections to execute the printing and placement of said Petitioners upon the official ballots of such Primary Election.

Respondents moved to dismiss the case for failure to state a cause of action. In an order dated August 6, 2012, the New York State Supreme Court, Hon. Jerry Garguilo, granted the motion to dismiss. See Fischer, et al. v. NYS Bd. of Elections, et al., No. 22486/2012 (N.Y. Sup. Ct. Aug. 6, 2012). The Court held that New York Public Authorities Law § 1020-b (currently New York Public Authorities Law § 1020-d) sets forth how trustees are appointed. Although Petitioners claimed that New York State Election Law also applied, the Supreme Court found that both the New York State Election Law and the New York Public Authorities Law contain explicit provisions that, if

there is a conflict among the statutes, New York Public Authorities Law applies.

Petitioners appealed, and the Supreme Court of the State of New York Appellate Division, Second Department, denied the appeal on September 24, 2012. See Fisher, et al. v. NYS Bd. of Elections, et al., No. 2012-07552 (2d Dep't Sept. 24, 2012). Petitioners have also appealed to the State of New York Court of Appeals. The Court of Appeals dismissed the appeal on October 18, 2012. See Fischer, et al. v. NYS Bd. of Elections, et al., SSD 62 (N.Y. Oct. 18, 2012). However, Petitioners have a pending motion for reconsideration before the Court of Appeals.

## DISCUSSION

The Court finds that Petitioners' claims against Respondents are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine applies when: (1) the federal plaintiff lost in state court; (2) he complains of injuries caused by a state court judgment; (3) he invites the federal court to review and reject that state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

First, it is indisputable that Petitioners are state court losers, having had the state court action dismissed on the merits. See Fischer, et al., No. 22486/2012.

Second, Petitioners complain of injuries caused by that state court judgment (see Compl. Claim 5 "Due Process was violated repeatedly in the state courts."). In fact, one of Petitioners' primary contentions during the November 2 Hearing was that the state court wrongly applied the New York Public Authorities Law and that the state court erred.

Third, Petitioners ask this Court to reject the state court judgment. The pending Order to Show Cause is almost identical to the claims and Order to Show Cause brought in state court. They essentially request the same relief, with the exception that the pending Order to Show Cause asks that this Court add Petitioners' names to the general election ballot, as well as to the primary ballot. Despite the fact that Petitioners have attempted to re-style their claims, they have not made any new or different arguments.

Finally, the state court judgment was rendered on August 6, 2012. See Fischer, et al., No. 22486/2012 (N.Y. Sup. Ct.). The Supreme Court of the State of New York Appellate Division, Second Department, affirmed the order of dismissal on September 24, 2012. See Fisher, et al., No. 2012-07552 (2d Dep't). Furthermore, the State of New York Court of Appeals dismissed the appeal on October 18, 2012. See Fischer, et al., SSD 62 (N.Y.). Petitioners filed their case in this Court on Oct. 26, 2012. (Compl. 1). Although there is a pending motion

for reconsideration before the Court of Appeals, it does not affect the finality of the judgment for Rooker-Feldman purposes. See Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 706 n. 18 (S.D.N.Y. 2011) ("The fact that Plaintiff had a pending 440 motion at the time she filed the instant action does not affect the finality of the judgment for Rooker-Feldman purposes."); Galtieri v. Kelly, 441 F. Supp. 2d 447, 458 n.9 (E.D.N.Y. 2006) (state court judgment was final under Rooker-Feldman even though the state-court appeal was pending).

## CONCLUSION

For the foregoing reasons, Petitioners' Order to Show Cause is DENIED.

Furthermore, Petitioners' application to cellular telephone access inside the courthouse is DENIED. In addition, Petitioner Lewis' application for the Court to recuse itself is also DENIED as it is without merit.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 2, 2012
Central Islip, New York