```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
In the Matter of the Application of

GREGORY JOHN FISCHER, ROGER S.
LEWIS, and BILL JUROW,

                Petitioners,           MEMORANDUM & ORDER
                                       12-CV-5397(JS)(ARL)
         - against -

NYS BOARD OF ELECTIONS, SUFFOLK COUNTY
BOARD OF ELECTIONS (Anita S. Katz and
Wayne T. Rogers, Commissioners),
NASSAU COUNTY BOARD OF ELECTIONS
(William T. Biamonte and Louis G.
Savinetti, Commissioners),

                Respondents.
----------------------------------x
APPEARANCES
For Petitioners:
Gregory Fischer      Gregory Fischer, pro se
                     P.O. Box 285
                     Calverton, NY 11833

Roger S. Lewis       Roger S. Lewis, pro se
                     235 Marys Lane
                     Southampton, NY 11968

Bill Jurow           Bill Jurow, pro se
                     349 Cypress Drive
                     Mastic Beach, NY 11951

For Respondents:
NYS Board of
Elections            No appearance.

Nassau County
Board of Elections   Alpa Sanghvi, Esq.¹
                     Nassau County Attorney's Office
                     One West Street
```

---

[1] Counsel for the Nassau County Board of Elections appeared by phone during the Order to Show Cause hearing on October 31, 2012. Counsel has not, however, filed a notice of appearance.

```
                         Mineola, NY 11501

Suffolk County
Board of Elections   Chris P. Termini, Esq.
                     Suffolk County Attorney's Office
                     P.O. Box 6100
                     Hauppauge, NY 11788
```

SEYBERT, District Judge:

Currently, there are two motions pending before this Court: (1) Petitioner Gregory John Fischer's ("Fischer") motion seeking reconsideration of the Court's November 2, 2012 Order (the "November Order," Docket Entry 17) denying his request for an Order to Show Cause; and (2) Petitioner Roger Scott Lewis's ("Lewis") motion for this Court to recuse itself from the instant action. For the following reasons, both motions are DENIED.

## BACKGROUND

Fischer, Lewis, and Bill Jurow ("Jurow," and collectively, "Petitioners"), commenced this action on October 26, 2012 against the New York State Board of Elections, the Suffolk County Board of Elections, and the Nassau County Board of Elections (collectively "Respondents"). According to the Complaint, Petitioners bring this action

> pursuant to the US Constitution, US Voting Rights Act (42 U.S.C. §§ 1973-1973aa-6), Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), Civil Rights (28 U.S.C. § 1443), Conspiracy Against Rights (18 U.S.C. § 242), Deprivation of Rights Under Color of Law (18

        U.S.C. § 242), Federal Question (28 U.S.C. § 1331), NYS Constitution, New York State Constitution, Article 1: Bill of Rights, Section 1, Article 78 of the NYS Constitution, NYS Election Law, Chapter 17 of the Consolidated Laws, NYS Election Law Sections 1-106, 6-134, 6-142, 6-154, 6-158, 6-160, 16-100, 14-100, 16-102, 16-104, 16-106, and 16-116 . . .

(Compl. at 1.)

Simultaneous with the commencement of this action, Petitioners filed a request for preliminary relief in the form of an order declaring valid Petitioners' petitions to run in the Democratic primary election and the general election for the public office of the Trustee of the Long Island Power Authority ("LIPA").

This Court held a hearing on Petitioners' request for preliminary relief on November 2, 2012 (the "Hearing"). Petitioners Fischer and Lewis appeared pro se. Although Jurow is also named as a Petitioner, he did not attend the Hearing. Counsel for the Suffolk County Board of Elections, Gail Lolis, Esq., of the Suffolk County Attorney's Office, and the Nassau County Board of Elections, Alpa Sanghvi, Esq., of the Nassau County Attorney's Office, appeared by phone.

At the Hearing, the Court denied Petitioners' request on the record. That same day, the Court issued a written Order, holding that the Rooker-Feldman doctrine barred Petitioners'

3

claims. Also at the Hearing, the Court denied Lewis's oral motion for recusal.[2]

## DISCUSSION

Currently, Fischer seeks reconsideration of the November Order for three main reasons: (1) the Court did not apply the strict scrutiny doctrine; (2) the Court misapplied the Rooker-Feldman doctrine; and (3) the Court did not consider exceptions to the Rooker-Feldman doctrine.

In addition, Lewis seeks the undersigned's recusal because "Judge Joanna Seybert is a defendant/respondent in an amended lawsuit filed in Nassau County by R. Scott Lewis (Lewis v. Cummings, et al., CV-06-0877)", "Judge Joanna Seybert was an attorney at the same law firm (i.e. Farrell Fritz LLC) which is a firm used by LIPA and National Grid," and "there is added . . . 'Graverman' [sic] (or weight) to a demand for recusal when the aforementioned are added to the prior demand for recusal." (Mot. to Recuse, Docket Entry 19 ¶¶ 1, 3-4 (punctuation added).) As this last point suggests, and although Lewis styles the motion as one for recusal, it is more appropriately characterized as a motion for reconsideration. Accordingly, the Court will analyze it under the relevant standard of review.

---

[2] In a subsequent letter to the Court, Lewis argues that his motion for recusal was not oral. (See Feb. 4, 2013 Ltr., Docket Entry 24.) No written motion, however, was ever filed on the docket.

4

Thus, the Court will first set out the applicable legal standard before turning to Fischer's motion and Lewis's motion, in that order.

I. Legal Standard

A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

5

II. <u>Timeliness</u>

Both Fischer's motion and Lewis's motion are time-barred. The Eastern District of New York's Local Civil Rules provide:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

LOCAL CIV. R. 6.3. The Court held the Hearing on November 2, 2012. That same day, both on the record and in a written opinion, the Court explicitly denied the request for an Order to Show Cause and the motion for recusal. The current motions were not filed until January 4, 2013, far in excess of the fourteen day time limit. As such, both motions are DENIED as time-barred.

Furthermore, even if Lewis were correct in styling his motion as an original motion not heretofore considered by the Court, it is still without merit. Lewis cites to 28 U.S.C. § 144. Section 144 requires an affidavit, which Lewis has not provided. More directly applicable is 28 U.S.C. § 455. Under Section 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in

6

which his impartiality might reasonably be questioned." Subsection 455(b)(1) provides: "He shall also disqualify himself in the following circumstances: Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

"The Second Circuit has interpreted 28 U.S.C. § 455 to require recusal if 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal'." Thorpe v. Zimmer, Inc., 590 F. Supp. 2d 492, 494 (S.D.N.Y. 2008) (quoting United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003)). This determination is an objective one, and is within the court's discretion. See United States v. LaMorte, 940 F. Supp. 572, 576 (S.D.N.Y. 1996); United States v. El-Gabrowny, 844 F. Supp. 955, 958, 961 (S.D.N.Y. 1994). Moreover, there is a presumption that the court is impartial, and the burden is on the movant to prove otherwise. See Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 150 (S.D.N.Y. 2012) (quoting Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. Int'l Union, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004)). If the movant has not satisfied her burden of proof, the court has an affirmative duty not to disqualify itself. See Thorpe, 590 F. Supp. 2d at 494.

With these standards in mind, then, the Court turns to Lewis's arguments. First, that Lewis may have brought suit

7

against the undersigned does not require recusal. Lewis apparently refers to two state court actions that he previously sought to have removed to federal court before the undersigned. See Cummings-Lewis v. Lewis, No. 06-CV-0877 (JS)(ARL). In a Memorandum and Order dated May 2, 2006, this Court remanded the two actions (Index Nos. 99-06579 and 05-017941) to the Supreme Court for the State of New York, Nassau County because this Court lacked subject matter jurisdiction. Lewis, No. 06-CV-0877, Docket Entry 10. As the Court noted, Index No. 99-06579 was apparently a matrimonial action, and Index No. 05-017941 was an action by Lewis against various attorneys and judges for, inter alia, the pain and suffering he endured due to "loss of access to his daughter." Lewis, No. 06-CV-0877, Docket Entry 7 (citation omitted). After the Court remanded the actions, Lewis claimed that he added the undersigned "to the Nassau Supreme Court action" and "[s]he is now a party in the action." Lewis, No. 06-CV-0877, Docket Entry 17.

A litigant cannot "obtain recusal simply by filing a frivolous suit against the judge." Kampfer v. Gokey, 955 F. Supp. 167, 170 (N.D.N.Y. 1997); see Jones v. City of Buffalo, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit . . .")

8

(citation omitted). Thus, the fact that Lewis may have sought to add the undersigned to his seemingly unrelated matrimonial and state court actions does not necessitate recusal. Further, Lewis does not suggest any bias or prejudice as a result of his apparent suit against the undersigned. Rather, he seems to argue that the purported suit alone is enough to require recusal. It is not, and Lewis's motion for recusal on this ground is DENIED.

Second, Lewis also maintains that there is a conflict of interest because the undersigned was an attorney at Farrell Fritz LLC, a law firm used by LIPA and National Grid. (Mot. to Recuse ¶ 3.) This information is incorrect, and the undersigned has never worked for Farrell Fritz. As such, Lewis's motion for recusal on this ground is also DENIED.

## CONCLUSION

For the foregoing reasons, Fischer and Lewis's motions for reconsideration are DENIED. In denying Fischer's motion to reconsider the November Order, the Court again notes its holding that Petitioners' request for preliminary relief is barred by the Rooker-Feldman doctrine. Accordingly, Petitioners are ORDERED TO SHOW CAUSE on or before July 1, 2013 as to why this case should not be dismissed in its entirety. Petitioners should provide the Court with a written submission on or before July 1, 2013 explaining whether there are any remaining claims

9

that this Court has not addressed or are not otherwise barred. Respondents shall respond on or before July 15, 2013. There will be no further reply submissions.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioners as well as to counsel for the Nassau County Board of Elections. As there has been no formal appearance on behalf of the Nassau County Board of Elections, a notice of appearance should be filed forthwith.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    May   28  , 2013
          Central Islip, New York

10